HILLER v. CORNILLE & DE BLONDE et al.

(Circuit Court of Appeals, Fifth Circuit. December 23, 1915.)

No. 2617.

BANKRUPTCY ⬤⟲140—ASSETS PASSING TO TRUSTEE—SALES.

Before bankruptcy D. & Co. had contracted to deliver cotton to defendants, had selected and set aside certain cotton as being of the required grade, and had weighed, marked, and shipped it to a steamship for the account of defendants. *Held*, that this constituted an appropriation and delivery in law, and the cotton had therefore entirely passed beyond the control of the bankrupt before the date of bankruptcy, whether a bill of lading for the cotton obtained by defendants was obtained before or after the bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 198, 199, 219, 225; Dec. Dig. ⬤⟲140.]

⬤⟲For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Error to the District Court of the United States for the Eastern District of Louisiana; Rufus E. Foster, Judge.

Action by Jonas Hiller, trustee in bankruptcy, of Dreuil & Co., and others, against Cornille & De Blonde and others. Judgment on a directed verdict for defendants, and plaintiff brings error. Affirmed.

The trial court's statement of its reasons for directing a verdict was as follows:

I may as well state my reasons for directing a verdict, gentlemen. The defendant had certain contracts for the delivery of cotton with the bankrupts, delivery to be in December. These contracts were according to the rules of the New Orleans Cotton Exchange, known as f. o. b. guaranteed through contracts. About the 27th or 28th of December the bankrupts had selected and set aside certain cotton, as set out in the petition, as being of the grade required to fill these contracts. It was then weighed and marked and shipped by Dreuil & Co. to the steamship for account of Cornille & De Blonde. That constituted an appropriation and delivery in law, and I find nothing in the rules of the cotton exchange which are interpolated into the contracts that would alter or amend the ordinary rules of law applying to this kind of sales. After that Cornille & De Blonde obtained a bill of lading for the cotton and it was subsequently removed and a bond left in its place. This is purely a suit to determine title to the cotton. Of course, the cotton having left the jurisdiction of the court, there would be a money recovery in lieu of the cotton. Under these circumstances, then, it is immaterial whether Cornille & De Blonde obtained the bill of lading after or before the bankruptcy of Dreuil & Co. The trustee was bound to carry out all contracts made in good faith before the date of bankruptcy. As far as that is concerned, the cotton had entirely passed beyond the control of Dreuil & Co. before the date of bankruptcy. Therefore there will be a verdict in favor of the defendants.

J. Blanc Monroe and H. Generes Dufour, both of New Orleans, La., for plaintiff in error.

Henry L. Lazarus, Eldon S. Lazarus, and David Sessler, all of New Orleans, La., for defendants in error.

Before PARDEE and WALKER, Circuit Judges, and SPEER, District Judge.

PER CURIAM. Pretermitting passing upon the objections of the defendants in error relating to defects in the bill of exceptions, we are satisfied upon the record as presented, and for the reasons given by Judge Foster, the trial judge, the verdict was properly directed.

Judgment affirmed.